# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY RAY GRIFFIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:24-172 |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith Pesto |
| BLOOM, FOOD SERVICE MANAGER, ) | |
| CHCA, MEDICAL PROVIDER, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 21st day of January, 2025, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith Pesto on July 29, 2024, (Docket No. 6), recommending that after screening Plaintiff Larry Ray Griffis' Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), that the Complaint be dismissed, with prejudice, and without leave to amend, as any amendment would be futile, and Plaintiff's Objections which were timely filed on August 14, 2024, (Docket No. 7), along with a proposed Amended Complaint attached thereto, (Docket No. 7-1), this matter having been reassigned to the undersigned for prompt disposition of the matter, (Docket No. 10), and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (Docket No. 6), which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that Plaintiff's Objections [7] are OVERRULED, for the reasons set forth in the Report and Recommendation. To that end, Plaintiff has failed to demonstrate that he has stated plausible § 1983 claims against Bloom and/or Food Service Manager because he has merely alleged that he was injured carrying 50-pound buckets of water

while working to fix a dishwasher in the kitchen at SCI Houtzdale but his allegations do not establish that the defendants were deliberately indifferent to Plaintiff's safety sufficient to hold them liable for Eighth Amendment violations under § 1983. *See e.g., Kedra v. Schroeter*, 876 F.3d 424, 437 (3d Cir. 2017); *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994). Similarly, Plaintiff has failed to plead sufficient facts that CHCA and Medical Provider were deliberately indifferent to his medical needs as he admits that he was seen by medical, prescribed painkillers and provided some treatment but makes only general complaints that he was not given an MRI or surgery. *See e.g., Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) ("Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners."); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (If medical treatment is provided to a prisoner, courts, "presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."");

IT IS FURTHER ORDERED that Plaintiff's Complaint [5] is DISMISSED, with prejudice and leave to amend is denied, as futile;

IT IS FURTHER ORDERED that to the extent that Plaintiff's Objections [7] are construed as a motion for leave to file the attached Amended Complaint, such relief is denied, for the same reasons and this Court's review of the additional allegations set forth therein remain insufficient to state plausible claims for relief against the Defendants;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: United States Magistrate Keith Pesto

cc: Larry Ray Griffis
NR 5634
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000
(via first class mail)